CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 02 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| SOUTHERN COAL CORP., et al., | ) | Civil Action No. 2:11-cv-00002 |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. James C. Turk |
| NORFOLK SOUTHERN CORP., et. al, | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on plaintiffs', Southern Coal Corporation and A&G Coal Corporation (collectively "Southern Coal"), Motion to Remand (Dkt. No. 21) the case to the Circuit Court of Wise County Virginia. Defendants, Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively "Norfolk Southern") responded, plaintiffs filed a reply brief, and defendants field a sur-reply brief. The Court heard oral argument on the motion on June 20, 2011, and the matter is ripe for disposition.

## I. Background and Procedural History

On January 27, 2011, Southern Coal commenced this action against Norfolk Southern in the Circuit Court of Wise County for the Commonwealth of Virginia by means of a four count complaint. On January 31, 2011, Norfolk Southern filed its notice of removal, alleging federal question jurisdiction under the Interstate Commerce Act, 49 U.S.C. §§1, et. seq. (ICA).

The parties had entered into a contract whereby Norfolk Southern agreed to transport coal for the plaintiffs. Plaintiffs' complaint alleges, inter alia, breaches of the transportation contract and statutory obligations due to defendants' failure to provide timely railroad service to plaintiffs. Plaintiffs allege that Defendants have not provided enough rail cars for the transport of coal as agreed to in the transportation contract. Count One of plaintiffs' complaint accuses

defendants of defamation and product disparagement. In its complaint Southern Coal alleges that Norfolk Southern knowingly made false and defamatory remarks about Southern Coal "in an effort to shift the blame for its own repeated failures." Specifically, plaintiffs allege that defendants told plaintiffs' customers that Southern Coal did not have sufficient coal to deliver, that Southern Coal would be unable to perform its contract with customers, and that Southern Coal had a reputation for nonperformance. Count Two alleges defendants' false statements and failure to perform its contractual and statutory obligations constitute tortious interference with contract negotiations and business relationships between plaintiffs and their customers. Court Three alleges breach of contract by defendants. Count Four alleges that defendants breached federal statutory obligations, namely 49 U.S.C. §§ 11101(a), 11121(a)(1), and 10702(2).

## II. Law

Federal courts are courts of limited jurisdiction. Congress has granted federal district courts jurisdiction in two types of cases: (1) cases in which the parties are diverse, and (2) cases in which the plaintiff's claim arises under a federal question of law. The parties in this action are not diverse, and therefore, federal jurisdiction must arise from a federal question of law. Article III of the United States Constitution states that the judicial power of the United States "shall extend to all Cases, in Law and Equity, arising under this Constitution [and] the Laws of the United States . . ." U.S. Const., Art. III, § 2. Congress vests federal courts with the power to hear cases arising under U.S. law pursuant to 28 U.S.C. § 1331, which is narrower in scope than Article III. Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 494–95 (1983). A case is deemed to arise under federal law if it is clear from the face of the plaintiff's complaint that either (1) federal law created the cause of action; or (2) state law created the cause of action, but federal law is an essential component of the plaintiff's complaint. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005).

When a case is removed to federal court from state court the burden of establishing original jurisdiction resides with "the party seeking removal." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). Also, "a question of subject-matter jurisdiction may be raised at any point during the proceedings and may even be raised by the Court *sua sponte*." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192 (4th Cir. 2008). Generally, "if federal jurisdiction is doubtful, a remand [to state court] is necessary." Dixon, 369 F.2d at 816.

### III. Analysis

Count I

Count I asserts claims for defamation and product disparagement. Defendants argue that, even though defamation is ordinarily a state law cause of action, plaintiffs' claim of defamation requires the resolution of a substantial question of federal law. The defamatory statements allegedly made by Norfolk Southern are not related to federal statutory duties. The premise of the defamation claim is the alleged statements that Norfolk Southern made regarding Southern Coal's failure to provide coal and its reputation as a nonperforming business. The determination of whether these statements are defamatory does not require reference to or interpretation of any federal statutes. Therefore, it is purely a state law claim.

Count II

Count II asserts claims of tortious interference with plaintiffs' contract negotiations and business relationships with plaintiffs' customers. Defendants argue that because these claims are premised on Norfolk Southern's alleged defamatory statements and failure to perform contractual and statutory obligations, there is federal jurisdiction. Tortious interference is a state law tort claim, and nothing in this case creates federal jurisdiction for those claims.

Count III

Count III alleges that Norfolk Southern breached the transportation contract between the parties by failing to provide adequate and timely service. Defendants contend that this Court has jurisdiction over this claim because (1) the transportation contract specifies that the parties shall have the same obligations as if they were regulated under the ICA, and (2) plaintiffs' claims under Count III seek relief under the federal Carmack Amendment, 49 U.S.C. § 11706.

The transportation contract states that it "is made pursuant to 49 U.S.C. § 10709." The contract also states that "except as specified herein, [Norfolk Southern] shall have the same obligations with respect to rail service hereunder as if transportation service pursuant to this Contract were regulated under the Interstate Commerce Act." Section 10709 states:

> A party to a contract entered into under this section shall have no duty in connection with services provided under such contract other than those specified by the terms of the contract...The exclusive remedy for any alleged breach of a contract entered into under this section shall be an action in an appropriate State court or United States district court, unless the parties otherwise agree. <u>This section does not confer original jurisdiction on the district courts of the United States</u> based on section 1331 or 1337 of title 28, United States Code.

(emphasis added)

Because the parties chose to enter a contract controlled by § 10709, they are not bound by duties under the ICA. The parties were free to incorporate any standards into their contract. They chose to incorporate some obligations of the ICA into their contract, while choosing not to incorporate others that were "specified herein [the contract.]" Voluntarily contracting to be bound by certain obligations of the ICA does not grant the parties all of the remedies or jurisdiction of the ICA because only Congress can confer federal jurisdiction. By choosing to incorporate some obligations of the ICA, the defendants cannot claim federal jurisdiction after contracting under § 10709, which explicitly does not confer exclusive federal jurisdiction.

Plaintiffs' Count III does not seek a remedy under the Carmack Amendment, § 11706. The Carmack Amendment provides a remedy only for "freight loss or damage <u>incurred during</u>

4

shipping," and not for freight delays due to failure to provide railcar service, as alleged in the complaint. American Rock Salt Co., LLC v. Norfolk Southern Corp., 387 F. Supp. 2d 197, 200 (W.D.N.Y. 2005) (emphasis added); see also Alstom Power, Inc. v. Norfolk S. Ry. Co., 154 Fed. Appx. 365 (4th Cir. 2005) ("The Carmack Amendment to the Interstate Commerce Act imposes liability upon a rail carrier for the actual loss or injury to the property it transports under a bill of lading"). Subsection (a) of the Carmack Amendment specifies that it applies to a rail carrier that has "issu[ed] a receipt or bill of lading for property it receive[d]." § 11706. In the current case, Southern Coal alleges that Norfolk Southern failed to provide rail car service, which caused unreasonable delays and constitutes a breach of the transportation contract. It made no allegations that defendants caused damage through unreasonable delays after having received coal and issuing a bill of lading. Therefore, the claims in Count III do not require the resolution of a federal question of law.

Count IV

Plaintiffs' Count IV asserts claims for breach of federal statutory duties under the ICA, namely violations of 49 U.S.C. §§ 11101(a), 11121(a)(1), and 10702(2). Federal courts have come to differing conclusions as to whether federal district courts have original jurisdiction concurrent with the Surface Transportation Board ("STB") to hear claims of violations of §§ 11101(a), 11121(a)(1), and 10702(2) and other sections within Part A of the ICA,[1] and the Fourth Circuit Court of Appeals has not spoken on the matter. Assuming, but not deciding, that this Court has no jurisdiction over the Count IV claims, it would be obligated to dismiss those claims and to allow plaintiff to bring them to the STB. However, it is unnecessary for the Court

---

[1] Compare DeBruce Grain, Inc. v. Union Pac. R.R. Co., 983 F. Supp. 1280, 1284 (W.D. Miss. 1997) (concluding that the STB, not the court, has exclusive jurisdiction to consider claims that the defendant violated §§ 11101(a) and 11121(a)(1)), with Pejepscot Indus. Park, Inc. v. Maine Cent. R.R., 215 F.3d 195, 205(1st Cir. 2000) (concluding that the district court has subject matter jurisdiction over plaintiff's ICA claims).

to determine jurisdiction over those claims because Count IV of the complaint can be deleted by the Court.

During oral argument, counsel for the plaintiffs conceded that neither this Court nor the state court in which the complaint had been filed has jurisdiction to adjudicate the claims in Count IV. Plaintiffs' counsel stated that plaintiffs only added the Count IV claims to the complaint in an effort to preserve its claims and to enumerate every possible theory of recovery, not because it believed that state or federal courts had jurisdiction over those claims. Plaintiffs acknowledged that 49 U.S.C. § 10501(b) grants exclusive jurisdiction to the STB over breaches of the statutory duties named in Count IV[2], and that all other state and federal remedies are preempted by the ICA.[3] Plaintiffs' statements are tantamount to a motion to amend the complaint by deleting Count IV. Because the plaintiffs have conceded that its claims in Court IV cannot properly be brought in either state or federal court, the Court will consider such statements as a motion to amend.

The plaintiff is entitled to remove Count IV from its own complaint. A plaintiff is "master of the claim" and should be allowed to avoid federal jurisdiction in cases where it relies exclusively on state law. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Here the plaintiff admits that Count IV cannot properly be heard in either this Court or the state court in which it was filed. Therefore, Count IV of the complaint will be dismissed without prejudice.

---

[2]  "The jurisdiction of the Board over . . . transportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including car service, interchange, and other operating rules), practices, routes, services, and facilities of such carriers . . . is exclusive." 49 U.S.C. § 10501(b).

[3]  "[T]he remedies provided under this part with respect to the regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law." Id.

6

## IV. Conclusion

The Court will amend plaintiffs' complaint by deleting Count IV without prejudice. The remaining claims in Counts I, II, and III of the complaint are purely pendant state law claims and will be **REMANDED** to the Circuit Court of Wise County. Plaintiff may re-file its claims in Count IV of the complaint with the Surface Transportation Board if it be so advised.

**ENTER**: This 2nd day of August, 2011.

*/s/ James C. Turk*
Hon. James C. Turk
Senior United States District Judge